## SOUTHERN EXPRESS CO. *v.* E. A. BROWN.

1. SUPREME COURT. *Contradictory bills of exception.*
   Where the special and the general bills of exceptions in the record contain contradictory statements as to the action of the court on an objection to testimony, so that it is not possible from the record to know what action was taken, this court cannot notice the assignment of error in reference to it.

2. MASTER AND SERVANT. *Negligence of servant. Liability of master for punitive damages.*
   A master is liable in punitive damages for the wilful act or negligence of his servant engaged in his business, whether he did or did not know the servant to be incompetent or disqualified for the service for which he was engaged.

3. SAME. *When relation exists. Case in judgment.*
   By agreement between an express company and its local agent the company furnished the express wagon and the agent employed the driver and furnished and fed the horse, but for these the company allowed extra compensation. The driver was engaged in and about the business of the company and was subject to be discharged by it. *Held*, that the driver was the servant of the company and it was liable for injuries resulting from his negligence while so engaged.

4. PLEADING. *Declaration. Punitive damages.*
   Where plaintiff in a suit for personal injuries caused by defendant's negligence declares generally for a certain sum as damages, and the evidence makes a proper case for punitive damages, a verdict which does not exceed said sum will not be disturbed because punitive damages were not specifically claimed in the declaration.

FROM the circuit court of Lowndes county.

HON. LOCK E. HOUSTON, Judge.

The facts are stated in the opinion. The trial resulted in a verdict and judgment for plaintiff for $2000, and defendant appealed.

*Calhoon & Green,* for appellant.

The plaintiff did not exercise reasonable care, as appears from his own testimony. He was in a public street and neither he nor the vehicle had any superior right. It was his duty to look and listen for any approaching vehicle. *Barker* v. *Savage,* 45 N. Y. 194; *Brooks* v. *Schwerin,* 54 Ib. 347; 2 Shear. & Red. on Neg., § 476.

The gravamen of the declaration is that the driver was the servant of the defendant. If he was not, no liability exists. That person is liable who stands in the relation of master to the wrongdoer, he who selected him from a knowledge or belief in his skill and care, and who could remove him for misconduct, and whose orders he was bound to obey. *Quarman* v. *Burnett,* 6 M. & W. 499; *Saugher* v. *Pointer,* 5 B. & C. 547. The relation arises only by contract. Wood, Mast. & Serv., § 4. The person sought to be charged must at least have the right to direct the person's conduct and prescribe the mode and manner of the work. Ib. § 281. Liability cannot exist unless this relation in fact exists, and it can not be created by holding out the driver as the servant. If he was not in fact such servant, it matters not what the appearances may have been as to his driving a wagon labelled "express wagon." Here it is clearly proven that the agent of the company had the contract for the hauling, and the driver was his servant, not the defendant's.

It was error to permit the jury to award punitive damages. There was no claim for any in the declaration. There was no allegation that the act complained of was wilful, wanton, or reckless. In the absence of any claim for punitive damages and of any proofs justifying their infliction, it was clearly improper for the court by modifying defendant's instruction to direct them to be considered.

*Humphries & Sykes,* for appellee.

The court properly modified the instruction asked by the defen-

dant, which sought to limit the jury to compensatory damages. This modification was proper in view of the evidence, and contained only the legal proposition that if the act complained of was wilfully, wantonly, or recklessly committed, punitive damages might be awarded. *R. R. Co.* v. *McLondon*, 63 Ala. 266; *R. R. Co.* v. *Arms*, 91 U. S. 489; 1 Sutherland on Damages, 724; 1 Sedgwick on Damages, 53; *Caldwell* v. *Steamboat Co.*, 47 N. Y. 282; *Kennedy* v. *R. R. Co.*, 36 Mo. 351; *R. R. Co.* v. *Statham*, 42 Miss. 607; *R. R. Co.* v. *Whitfield*, 44 Ib. 466.

It is proper for the court to modify an instruction based upon a certain state of facts, if these facts sustain the proposition submitted by the modification. *Shelby* v. *Offut*, 51 Miss. 129.

The jury was properly instructed as to what constitutes the relation of master to servant, and it properly found that the driver was the servant of the express company, and not of the agent. This was a question of fact, and the finding of the jury must control.

Every *indicia* of the business evidenced that the defendant company was transacting its own usual and accustomed business without the intervention of an independent contractor. Any private arrangement under which the driver was employed was one of which the community at large was wholly ignorant, and the manner in which the business of the defendant was conducted belied the existence of such a contract.

The questions of law and of fact were fairly submitted to the jury under proper instructions, and the verdict should not be disturbed.

COOPER, J., delivered the opinion of the court.

This is an action by appellee to recover damages against appellant for injuries inflicted upon him by the servants of appellant by driving over him a loaded express wagon. The evidence of the plaintiff tended to show that on the night when the injury was received, he was walking along one of the public streets of the town of Columbus upon a footpath on the side of the street, where pedestrians were accustomed to travel, and was overtaken and run down by the express wagon driven by appellant's servant, which

was being rapidly driven, and was without lights to enable the driver to perceive and avoid pedestrians, and that the wagon was not accustomed in its trips to and from the depot to go upon the footpath where plaintiff was injured.   The injury inflicted was undoubtedly painful and serious, and has probably resulted in permanently impairing plaintiff's capacity to labor in his trade.   On the other hand, the evidence for defendant tended to show that the wagon, while engaged in transporting the goods of the defendant, was driven by the servant of one Albright, who was the agent of defendant at Columbus, but who contracted for a certain sum to furnish the horse and driver, and to carry defendant's packages to and from the depot; that the wagon was being cautiously driven at a slow pace, and that the injury, if inflicted by the wagon, was either unavoidable and accidental, or was contributed to by the negligence of plaintiff.   The evidence also tended to prove that the injury was not inflicted by the express wagon, but by a carriage of another.

Among other errors assigned is one to the action of the court in permitting the plaintiff to testify that he was a man of family, having a wife and two children dependent upon his labor for support.   The record is contradictory as to what transpired in reference to this matter.   The appellant reserved special exceptions during the progress of the trial, and then included them as a part of the general bill reserved to the action of the court in overruling the motion for a new trial.   In the special bill the judge certifies that he overruled the defendant's objection to this evidence, but in the general bill he certifies that the objection was sustained.   In this condition of the record we cannot know what action was really taken.

The court permitted the plaintiff to introduce much evidence tending to prove that Timberlake, the driver of the express wagon, was an habitual drunkard, and habitually careless and reckless in driving.   The defendant objected to the introduction of this testimony, unless the plaintiff would show that defendant had knowledge of such habits, and the court ruled that the testimony might be given, subject to exclusion, unless knowledge should be brought home to defendant.   The position of defendant was that it was not

liable for punitive damages for the gross negligence of its servant, unless it had impliedly consented thereto by continuing him in service after knowledge of his character. The plaintiff. without objection, yielded to this false assumption, and undertook the wholly unnecessary task of proving the character of the servant, and knowledge thereof by the master. It is well settled in this state that the master is responsible in punitive damages for the wilful act or gross negligence of his servant engaged in his business, whether he did or did not know the servant to be incompetent or disqualified for the service in which he is engaged. *N. O. J. & G. N. R. R. Co.* v. *Bailey,* 50 Miss. 393; *Vicksburg & Jackson R. R. Co.* v. *Patton,* 31 Ib. 156; *N. O. J. & G. N. R. R. Co.* v. *Albritton,* 38 Ib. 242; *R. R. Co.* v. *Hurst,* 36 Ib. 666.

If the plaintiff was injured by the negligence of defendant's servant, it must respond to him in damages, and cannot assign for error the unsuccessful effort of the plaintiff to prove what there was no need to prove, and which he was required to prove by an erroneous ruling secured by the defendant.

The appellant relies principally upon two points to secure a reversal of the judgment. First, that the evidence shows the plaintiff to have been guilty of contributory negligence; and, second, that the person in charge of the express wagon was the servant of Allbright, an independent contractor, and not of defendant.

It is sufficient to say that these are both questions of fact which were fairly submitted to the jury, and their verdict on each is supported by competent and sufficient evidence.

It is true that Albright, a witness for defendant, testified that Timberlake was his servant, and not that of the defendant, but he stated the facts on which he rested this assertion, and they support the finding that Timberlake was the servant of the company. Albright was paid by the company $90 per month for his services as agent; the company furnished a wagon, and Albright furnished and fed the horse, and employed the driver for which the company allowed him $45. The agreement was by parol, and its terms are not definitely stated, but it is not shown that the driver so employed was not the servant of the company though selected by

Albright.   He was engaged in and about the business of the company and was, as Albright says, subject to be discharged by it.   In a somewhat similar case to this the supreme court of Massachusetts said : " The fact that there is an intermediate party in whose general employment the person whose acts are in question is engaged, does not prevent the principal from being held liable for the negligent conduct of his sub-agent or under-servant, unless the relation of such intermediate party to the subject-matter of the business in which the under-servant is engaged, be such as to give him exclusive control of the manner and means of its accomplishment, and exclusive direction of the persons employed therefor." *Kimball* v. *Cushman,* 103 Mass. 194.

The position assumed by counsel for appellant that the plaintiff cannot recover punitive damages because not claimed in the declaration, is not maintainable.   The plaintiff demanded $5000 damages for the negligent act of the defendant, under which it was competent to show the character of the negligence, and the extent of the injury inflicted.   The jury were very fairly instructed as to the circumstances under which punitive damages could be awarded. The verdict is not excessive and,

*The judgment is affirmed.*

Counsel for appellant suggests error in our opinion in this case, and supports his suggestion by the citation of two decisions of the supreme court of Indiana, *R. R. Co.* v. *Burdge,* 94 Ind. 46, and *R. R. Co.* v. *Smith,* 98 Ib. 42, and by the text of Shearman & Redfield on Negligence, in which the substance of these decisions is accepted as the law.

Shortly stated, these decisions are that when in an action to recover damages negligence is averred, wilful wrong cannot be proved ; and where wilful wrong is charged negligence, however gross, cannot be proved to sustain the averment.

We fail to appreciate the applicability of these decisions to the case in court. The plaintiff here has not sought to show any wilful wrong ; his effort was to show gross negligence.   In Indiana there seems to be a broad distinction between negligence and wilfulness.

In *R. R. Co.* v. *Graham*, 95 Ind. 293, the court adopts the distinction in the language of Wharton, that " negligence is negative in its nature and excludes the idea of wilfulness." Tested by the Indiana decisions, the instruction complained of (the fifth given for the plaintiff), is harmless, since no carelessness, however gross, could show a wilful injury. But we do not construe the instruction as meaning that gross negligence may prove the intent to injure the plaintiff; its import is that carelessness may be so gross as to show that it, the *carelessness,* and *not the injury,* was wilful. That this was the sense in which the instruction was intended to be read, is demonstrated by the whole case.

We find no error in our former opinion and adhere to it.