Statement of the case.

Yazoo & Mississippi Valley Railroad Company *v.* Ophelia
Sanders.

[40 South. Rep., 163.]

Nuisance. *Action for damages.*

> Where animals were knocked by a passing train from a railroad
> track and killed near a dwelling house, and the railroad com-
> pany, after request, willfully, flagrantly, and oppressively refused
> to remove the carcasses, although the odor from them was ex-
> tremely offensive to those living on the premises, the company
> is liable to the owner of the dwelling house for actual and puni-
> tive damages.

From the circuit court of Quitman county.

Hon. Samuel C. Cook, Judge.

Mrs. Sanders, the appellee, was the plaintiff in the court
below; the railroad company, the appellant, was defendant
there.

The suit was for damages caused by the action of the
railroad-company's servants in refusing to remove the carcasses
of mules killed by the train of the railroad company and hurled
from the track to a point very close to plaintiff's dwelling house.
Plaintiff requested the servants of the railroad company to
remove the carcasses, but they refused to do so in a manner which
the court pronounced to be willful, flagrant, and oppressive.
The odor from the decaying carcasses was extremely offensive
and annoying to the plaintiff and the members of her household,
and made life in her home almost unbearable. The railroad
company defended upon the ground that it was not obliged to
remove the carcasses, because they were killed in the country,
and not within the limits of any municipality. It further
claimed that it was unable to obtain the services of laborers or
others to remove the dead animals, and that the carcasses were
buried in a ditch, near which they lay, by being covered over with

dirt.    There was a dispute as to the extent to which the animals were so covered, the plaintiff's testimony tending to show that an insufficient quantity of dirt was put upon the carcasses—only enough to serve as a pretext for burial—and that this thin covering of dirt was removed by dogs and buzzards shortly after it was thrown upon the dead animals, of all of which the railroad company had due notice.

The court below submitted the question of damages, both actual and punitory, to the jury, which returned a verdict for $500 in plaintiff's favor.    The defendant's motion for a new trial having been overruled, it appealed to the supreme court.

*Mayes & Longstreet,* and *C. N. Burch,* for appellant.

The court erred in giving the second instruction for the plaintiff, and also in modifying the fifth instruction asked by the defendant.    These instructions submitted to the jury the question of punitory damages on the basis of the liability for infliction of a wanton, willful, or oppressive nuisance, or a reckless disregard of the rights of the plaintiff.

The heavy verdict awarded, coupled with the fact that the court submitted the case to the jury under instruction as in the case of punitory damages, shows that punitory damages were given, and the case ought to be reversed for that reason. ·

*M. E. Denton,* and *J. W. Mack,* for appellee.

An examination of all the testimony in the case will show that the jury had ample ground upon which to base their finding that the action of the section foreman was characterized by such willfulness and gross disregard of appellee's rights as to warrant the assessment of exemplary damages.

The section foreman told appellee, not that it was impossible to move the stock, but that "he did not have time to fool with it, and he was not going to fool with it."    It is true that he at first told her that he could not move the stock, but after she had offered him assistance and told him how the stock could be

easily moved, he gave her his real reason for refusal, as above stated.

But if it be admitted that the section foreman could not have removed the stock nor procured their removal, it cannot be denied that he could have buried them properly. The jury have decided that the stock were buried with such gross negligence as to warrant punitory damages in this case, and we submit that their verdict should stand. The evidence at least tends to warrant exemplary damages, and the question of awarding them was, therefore, properly submitted by the court; and the jury having decided the sufficiency of the evidence, it is not longer open to discussion. *Railroad Co.* v. *Scurr,* 59 Miss., 456.

TRULY, J., delivered the opinion of the court.

The railroad company should take heart of grace at the smallness of the verdict in this case, instead of complaining that punitive damages were awarded. If the statement of the appellee be true—and it was not only accepted by the jury, but its truth forces itself upon each individual member of the court—a more flagrant, unwarranted, and oppressive violation and trampling upon the rights of the public was never presented to an appellate court. To willfully commit a trespass upon the rights of an individual is of itself sufficient to permit the awarding of punitive damages, though committed upon but a single occasion. What, then, must be said of a case where for each minute of the time, by day and by night, from day to day, there was a continued violation of the rights of appellee, by the commission of an act which rendered the enjoyment, and practically the habitation, of her home impossible? Under the facts of this record, not even the limit of the amount claimed in the declaration would have induced us to interfere with the amount of the verdict. There was no error of law.

*Affirmed.*