## Alabama & V. Ry. Co. *v.* Daniels.

[66 South. 324.]

1. WATERS AND WATERCOURSES. *Surface water. Flowage. Injuries. Punitive damages. Question for jury. Declaration.*
  In a suit for damages for the flooding of plaintiff's lands by the improper maintenance of a railroad bed and track, evidence that the railroad authorities permitted obstructions created by them to remain unremoved for a long time after their attention was called to their presence, and that underbrush cut from the right of way was thrown into the drains, is sufficient to justify the court in submitting to the jury the question of punitive damages.

2. WATERS AND WATERCOURSES. *Surface water. Flowage. Declaration.*
  Where, in an action for damages for the flooding of land by the improper maintenance of a railroad bed and track, the declaration did not, in express words, charge that the acts complained of were negligent, nor the character of the acts, but did advise the defendant that the actual damages claimed were a depreciation in the value of the land caused by defendant's wrongful acts, and also demanded exemplary damages in express terms, it was sufficient.

APPEAL from the circuit court of Rankin county.

HON. C. L. DOBBS, Judge.

Suit by Ivey Daniels against the Alabama & Vicksburg Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*R. H. & J. H. Thompson,* for appellant.

The trial court gave the plaintiff an instruction, No 2, authorizing the jury to inflict punitive damages. We insist that this instruction was erroneous. That it was prejudicial to the defendant is demonstrated by the fact that the jury awarded one hundred dollars as punitive damages. The instruction was erroneous, first, because the declaration itself did not warrant a recovery of puni-

tive damages; it contained no charge of gross negligence. wilful wrong or other essential to the infliction of such damages; second, because there was no testimony which would authorize the jury to find that the defendant was grossly negligent.

When the plaintiff made complaint to the officers of the railway company they inspected the premises and reached the conclusion that plaintiff's land was overflowed because of obstructions in the branch, both above and below the railway right of way, over which the company had no control. There is nothing to show that their conclusion was not an honest one and, therefore even if it were erroneous, action upon it would not justify the infliction of punitive damages on the company.

Nothing can be elicited from this record except a mere difference of opinion between witnesses as to the cause of the overflow. The plaintiff and his witnesses seem to have reached the conclusion, no doubt, honestly, that the drain had been obstructed by the cutting of willows into it by the railway laborers. The officers of the railway company who inspected the premises reached the conclusion, equally honest, that the overflow was not caused by any act of the defendant but was caused by the obstruction of the passageway for the water under the highway bridge and the obstruction in the branch caused by the drift-wood collected on the upper side of plaintiff's rail fence.

The defendant asked an instruction which the trial court refused, directing the jury not to award plaintiff punitive damages. The court erred in refusing this instruction and the same question is thereby presented as is presented on the giving of the second instruction asked for by the plaintiff authorizing the jury to award such damages.

*Sidney L. McClaurin,* for appellee.

Instruction No. 2 for plaintiff authorized the jury to inflict punitive damages. This was eminently proper.

The plaintiff had appealed from time to time to the company to remove the obstructions on its right of way, informing the company of the great damage it was doing to his land and crops, but the company turned a deaf ear to his appeals.

Appellant's counsel are in error in saying that the railroad company investigated and concluded that nothing was necessary to be done. On the contrary, the testimony of plaintiff is to the effect that the section foreman did investigate it and promised to have the obstruction removed, but failed to carry out his promise for a long time, but did finally remove the obstruction and from that time on plaintiff suffered no further damage from the overflow. The jury accepted plaintiff's testimony as true and this they had perfect right to do.

Cook, J., delivered the opinion of the court.

This is an appeal from a judgment rendered by the circuit court of Rankin county against the appellant railway company. The verdict of the jury was in these words:

"We, the jury, find for plaintiff, and assess his damages at two hundred dollars actual damages and one hundred dollars punitive damages."

Upon this verdict the court entered a judgment for three hundred dollars in favor of plainitff. In order that the questions presented for this court's decision may clearly appear we here copy the declaration, viz.:

"Ivey Daniels, plaintiff, by attorney, complains of the Alabama & Vicksburg Railway Company, defendant, for that, to wit: The defendant is, and was at all times hereinafter mentioned, a railroad company incorporated under the laws of the state of Mississippi, owning and operating a railroad, which runs through said Rankin county, Mississippi. Plaintiff is, and was at the times hereinafter mentioned, the owner in fee simple of a plantation in said Rankin county, known as the Ivey Daniels

place, which adjoins defendant's said railroad bed and railroad track. Defendant has so made and now maintains its railroad bed and track so that a great and unusual flow of water stands upon said place after each rain, and said place is thereby greatly injured and depreciated in value, to plaintiff's damage two thousand dollars.

"Wherefore plaintiff sues and prays judgment against defendant in the sum of two thousand dollars for his damafes so sustained, and exemplary damages allowed by law, and all costs of this suit."

It is contended by appellant that the court erred in granting an instruction for plaintiff authorizing the jury to award punitive damages, because the declaration does not charge defendant with gross negligence, willful wrong, or any other element necessary to infliction of punitive damages. It is also contended that the court erred in refusing to instruct the jury to find for defendant, because all the evidence disproved the declaration of plaintiff.

In regard to the last assignment of error, it is only necessary to say that we do not so interpret the evidence. It seems clear that plaintiff's witnesses testified to facts which warranetd the jury in believing that defendant had so maintained its roadbed as to cause an obstruction of the drainage of plaintiff's land, and this is what the declaration charges. There was evidence warranting an inference that the railroad authorities permitted the obstructions created by them to remain unremoved for a long time after their attention was called to their presence. Besides this, it is not too far-fetched to say that the cutting away of underbrush from the right of way and throwing same in the drains was a willful disregard of the consequences. At least it was not error to submit to the jury the solution of that feature of the case.

In *Southern Express Co.* v. *Brown*, 67 Miss. 265, 7 So. 319, 19 Am. St. Rep. 306, this court said:

"The position assumed by counsel for appellant, that the plaintiff cannot recover punitive damages because not claimed in the declaration, is not. maintainable. The plaintiff demanded five thousand dollars damages for the negligent act of the defendant, under which it was competent to show the character of the negligence and the extent of the injury inflicted. The jury were very fairly instructed as to the circumstances under which punitive damages could be awarded."

The declaration in the present case does not in express words charge that the acts complained of were negligent. At most, the declaration was defective in not charging the character of the acts. This defect, if it was a defect, could have been cured in response to a demurrer. The declaration does advise defendant that the actual damages claimed were a depreciation in the value of the land caused by defendant's wrongful acts, and it does also demand exemplary damages in express terms.

*Affirmed.*