## YATES v. MISSOURI PACIFIC RAILROAD COMPANY.

### Opinion delivered March 9, 1925.

1. NUISANCE—WHAT CONSTITUTES.—The doing of an act in itself lawful constitutes a nuisance where it is done in a place where it disturbs one in the possession of his property, rendering its ordinary use or occupation physically uncomfortable to him.

2. NUISANCE—BURNING OF CARCASSES NEAR PLAINTIFF'S RESIDENCE.— Evidence that railroad employees burned the carcasses of animals killed by the railroad trains near plaintiff's residence during a period of four days, that the weather was hot and the smell offensive, and the wind blowing towards plaintiff's residence required the closing of doors and windows, held to sustain a verdict for plaintiff.

3. NUISANCE—PUNITIVE DAMAGES.—In an action against a railroad company for damages from offensive odors resulting from burning the carcasses of animals near plaintiff's residence where there was no evidence that defendant acted in wilful disregard of plaintiff's rights, it was error to submit the question of punitive damages to the jury.

Appeal from Hot Spring Circuit Court; *Thos. E. Toler,* Judge; reversed.

STATEMENT OF FACTS.

W. A. Yates and Gordon Buie brought separate suits against the Missouri Pacific Railroad Company to

recover damages for negligently burning the carcasses of two cows near their residences.

The defendant filed a separate answer in each case, and denied the material allegations of the complaint. The cases were consolidated and tried together.

According to the evidence for the plaintiffs, the residence of Gordon Buie was situated 234 feet and the residence of W. A. Yates 500 feet from the point where the railroad company burned the carcasses of the two cows on its right-of-way. The cows were killed by a train operated by the defendant, and its servants commenced to burn the carcasses some time Sunday morning, on July 15, 1923. They continued to burn them until late the following Wednesday evening. The weather was pretty hot, and the smell was very offensive. The plaintiffs and their families were made sick, and could not eat with any comfort. They could not eat or sleep without closing the doors and windows of their houses. The carcasses did not burn continuously, because there came up a rain once or twice and put out the fire. The fire was then rebuilt. The wind was coming in the direction of the plaintiffs' houses during most of the time of the burning. One of the cows was not cut up very much, and both of them could have been moved to another place for the purpose of burning their carcasses.

According to the evidence for the railroad company, the fire was started Sunday morning and the carcasses were burned up by the following Monday evening. One of the cows was so cut up that its carcass could not be moved. The smell of the burning carcasses was not very offensive, and there was no negligence in the burning.

The jury returned a verdict in favor of each plaintiff, and from the judgment rendered the defendant has duly prosecuted an appeal to this court.

*E. B. Kinsworthy* and *B. S. Kinsworthy,* for appellant.

*D. E. Waddell,* for appellee.

HART, J., (after stating the facts). It is earnestly insisted that the evidence is not sufficient to warrant the verdict. The evidence shows that the plaintiffs lived in rented houses, and that the servants of the railroad company began to burn the carcasses on Sunday morning and continued to burn them until late the following Wednesday evening. The wind, for the most part, was blowing in the direction of the plaintiffs' houses, and caused them and their families extreme discomfort, and also made them sick to a certain extent.

It is true that our statute provides that, when any horse, cow, or other animal named in the section shall die from disease or accident, it shall be the duty of the person having possession thereof to immediately cremate said animal. Crawford & Moses' Digest, § 365. So, when the defendant, in the operation of one of its trains, killed the two cows, it became its duty to burn their bodies.

The right of the defendant to burn the carcasses on its right-of-way may perhaps not be denied, but it is equally true that it would be responsible for all results occasioned by the burning in such a negligent manner as to constitute a nuisance. The maxim, "use your own property so as not to injure another," is peculiarly applicable in nuisance cases. If one does an act, in itself lawful, which yet, being done in that place, necessarily tends to the damage of another's property, it is a nuisance; for it is incumbent on him to find some other place to do that act, where it will be less offensive. 2 Lewis' Blackstone's Com., * p. 218.

In discussing the question in *Baltimore & Potomac Rd. Co.* v. *Fifth Baptist Church,* 108 U. S. 317, Mr. Justice Field, who delivered the opinion of the court, said: "That is a nuisance which annoys and disturbs one in possession of his property, rendering its ordinary use or occupation physically uncomfortable to him. For such annoyance and discomfort the courts of law will afford redress by giving damages against the wrong-

doer, and, when the causes of annoyance and discomfort are continuous, courts of equity will interfere and restrain the nuisance.''

This rule was quoted and approved by this court in *Junction City Lbr. Co.* v. *Sharp,* 92 Ark. 538. The maxim above quoted and the principle of law laid down ought to have admonished the defendant that negligently burning the carcasses of the cows for the time and in the manner established by the evidence would materially disturb the comfort of the plaintiffs and their families and thereby become a nuisance. One must make a reasonable use of his own property, and a reasonable use can never be construed to include those uses which produce noxious smells that result in a material injury to the comfort of the owner of adjacent property and his family. So, under the facts proved by the plaintiffs, the jury might have returned a verdict for them. They might have believed that it was practical for the defendant to have hauled the carcasses further away from the homes of the plaintiffs and to have burned them much more quickly. Therefore we think the evidence was legally sufficient to warrant a verdict in favor of each plaintiff.

It is next insisted that the court erred in instructing the jury on the measure of damages. The court instructed the jury that, in actions like this, discomfort to the plaintiff and his family living with him, and whom he is bound to support, is a proper element of damages. Counsel point to the fact that such an instruction was held erroneous in the case of *Junction City Lbr. Co.* v. *Sharp,* 92 Ark. 538. The instruction was held erroneous in that case because the plaintiff was the owner of the property occupied by him, and the nuisance was of such a continuing nature that it was permanent. Therefore the court properly held that the diminished value of the property was the proper measure of damages. In cases where the property is rented by the plaintiff and the nuisance is of a continuing character, the damages would

be the depreciation in the rental value of the property during the term of the lease.

In cases like this, where the nuisance only lasted for a few days, the plaintiff is entitled to recover because of the inconvenience and discomfort to himself and family. *Baltimore & Potomac Rd. Co.* v. *Fifth Baptist Church,* 108 U. S. 317; *Daniel* v. *Ft. Worth & R. G. Ry. Co.,* 96 Tex. 327; 72 S. W. 578; and *Pierce* v. *Wagner* 9 Minn. 355, 13 N. W. 170.

Finally, it is insisted that the court erred in submitting to the jury the question of punitive damages, and in this contention we think counsel for the defendant are correct. In cases of this sort recovery for punitive damages should only be allowed where there is willful or flagrant violation of the rights of another. Joyce on Law of Nuisances, §§ 258 and 503, and *Yazoo & Miss. Valley Rd. Co.* v. *Sanders,* 87 Miss. 607, 40 So. 163, 3 L. R. A. (N. S.) 1119, and case note.

There is nothing in the evidence from which a jury might legally infer that the defendant acted in willful or flagrant disregard of the rights of the plaintiffs in burning the carcasses.

Therefore, for the error in instructing the jury on punitive damages, the judgment must be reversed, and the cause will be remanded for a new trial.