Harris *v.* E. B. Mooney, Inc.

4-8057                                    199 S. W. 2d 319

Opinion delivered February 3, 1947.

*Jay M. Rowland,* for appellant.

*Leland Leatherman* and *Scott Wood,* for appellee.

Holt, J.   This litigation grew out of a dispute of a boundary line.

In 1922, Mrs. Fannie Felheimer owned lot 7, block 66, in the City of Hot Springs, and appellee, Pythian Bath House, Inc., owned an adjoining lot, No. 5, in this same block, both lots fronting on Cottage Street. In this same year, 1922, the Pythians, owners of lot 5, built a four-story brick building on their lot and, in so doing, erected their brick wall from approximately a foot to eighteeen inches over on lot 7, and this wall has remained, and claimed to be, the property dividing line between these two lots since its erection more than 24 years ago, and appears never to have been questioned by Mrs. Felheimer, her daughter, Mrs. Mendel, or any one else, until the present suit was filed by appellants May 16, 1946.

Appellants acquired lot 7 about two years before this suit from Mrs. Mendel, Mrs. Felheimer's daughter, and sold the Pythians 25 feet of this lot (then vacant) adjoining lot 5, for $1,000. The Pythians have erected the walls of a new two-story brick annex on the 25 feet purchased from appellants, and, in so doing, appellants alleged that appellees have encroached, from four to six

inches, on the remainder of lot 7, which appellants own. Appellants brought this suit to force appellees to move their brick wall back approximately six inches. Their prayer was that appellees be enjoined from encroaching upon their property and "that an order issue from this Court requiring the defendants to remove from plaintiffs' lot so much of their construction as presently encroaches thereon" and for all other equitable relief. From a decree denying the relief prayed comes this appeal.

The testimony of appellants' witnesses, M. D. Alford and L. R. Plemmons, the assistant city engineer, and city engineer, respectively, of Hot Springs, was to the effect that upon a survey by them of the property in question the wall of the old four-story Pythian building, erected in 1922, is over on lot 7 from a foot to a foot and one-half, and that the new two-story brick annex, when measured from a point approximately a foot and a half inside the old building wall, is approxmately four inches over on appellants' land on Cottage Street. They further testified in effect that when twenty-five feet is measured from the old wall which has stood for almost twenty-four years, it shows that the new annex building of appellee is entirely on appellee's lot and lacks a foot or more of reaching the division line between appellee and appellants.

The evidence further shows, as above indicated, that at the time the old four-story brick wall was built by the Pythians in 1922, Mrs. Felheimer, who then owned lot 7, made no objection to the location of the wall, and thereafter both Mrs. Felheimer and her daughter, Mrs. Mendel, (who acquired the property at her mother's death) for a period of seven years—in fact, more than twenty-four years—stood by, and made no objections to this wall as being the dividing line between lots 5 and 7.

In these circumstances, the rule appears to be well established that appellants' predecessors in title, Mrs. Felheimer and her daughter, Mrs. Mendel, by their acquiescence in the property line as established by the old wall for seven years, and occupation according to

such line, were bound thereby as also were appellants, their grantees. This court in *Deidrich* v. *Simmons*, 75 Ark. 400, 87 S. W. 649, said: ''The proprietors of adjacent lands may by parol agreement establish an arbitrary division line, or an agreement may be inferred from long continued acquiescence and occupation according to such line, and they will be bound thereby. *Cox* v. *Daugherty*, 62 Ark. 629, 36 S. W. 184; *Jordan* v. *Deaton*, 23 Ark. 704; 5 Cyc., pp. 930, 935; *Pittsburgh Iron Co.* v. *Lake Superior Iron Co.*, 118 Mich. 109, 76 N. W. 395; *Jones* v. *Pashby*, 67 Mich. 459, 35 N. W. 152, 11 Am. St. Rep. 589; *Burris* v. *Fitch*, 76 Cal. 395; *Atchison* v. *Pease*, 96 Mo. 566, 10 S. W. 159; *Bloomington V. Bloomington Cem. Assn.*, 126 Ill. 221, 18 N. E. 298; *Clayton* v. *Feig*, 179 Ill. 534, 54 N. E. 149; *Edwards* v. *Smith*, 71 Tex. 156.'' See, also, *Furlow* v. *Dunn, Admx.*, 201 Ark. 23, 144 S. W. 2d 31.

Finding no error, the decree is affirmed.