LAUREL EQUIPMENT CO. *v.* MATTHEWS, et ux.

Oct. 5, 1953

No. 38849 37 Adv. S. 25 67 So. 2d 258

*Beard, Pack & Ratliff, Melvin & Melvin,* Laurel, for appellant.

*Quitman Ross, Pershing B. Sullivan,* Laurel, for appellees.

LEE, J.

Suit was filed by Mr. and Mrs. O. W. Matthews against Laurel Equipment Company to recover damages on account of the alleged negligent distribution of paint onto their adjacent premises. It was charged that their vegetables, flowers, shrubbery, etc., were ruined, and that the distasteful and obnoxious odors made them sick and prevented them from enjoying the peaceful occupancy and habitation of their premises. The demand was for $20,000.00.

The answer denied all material allegations. It also contained a demurrer, which was overruled; but on defendant's motion, the court ordered to be stricken that part of the declaration which sought recovery for personal injuries. On the trial, the court granted a peremptory instruction to the effect that the jury could make no award on account of personal injuries. There was a jury verdict for the plaintiffs for the sum of $3,000.00 as actual damages and for the sum of $5,000.00 as punitive damages. The Equipment Company appeals.

Thus it will be seen that, on the question of actual damages, the sole issue was whether or not the defendant negligently operated its paint shop and thereby prevented the plaintiffs from enjoying the peaceful occupancy and habitation of their home and premises.

The home was situated on a lot adjacent to the defendant's place of business. A corner of the house was 31 feet from the part of the building which defendant used as a paint shop, and the plaintiffs owned the intervening space.

The evidence of the plaintiffs and their witnesses was to the effect that, over a period from 1949 to January 19, 1951, the date of the institution of this suit, when painting operations were being carried on, both when there was no wind and when it was from the north, paint came from the plant in a fog and settled over the premises; that it rendered the vegetables inedible and dam-

aged the flowers and shrubbery; that the fumes and odors were offensive and nauseating; that it was necessary to keep the windows down in order to shut out the fumes and odors; and that the plaintiffs suffered great discomfort and were prevented from enjoying the peaceful occupancy and habitation of their home.

The evidence for the defendant, consisting of a somewhat larger number of witnesses, was in direct conflict with that offered by the plaintiffs. It consisted of a denial that paint came from the plant in a fog and settled over the premises. It maintained that the nozzle of the sprayer was so small that no substantial amount of paint was lost, but that such small amounts as were not sprayed upon the vehicles evaporated into the air and became harmless; and that no residue therefrom was evident on nearby objects. One witness for the defendant, however, declined to affirm that fumes would not be carried upon the adjacent property.

It is clear then that the evidence was in hopeless conflict. Under such circumstances, the determination of this issue was for the jury. And under all the facts the verdict of the jury can not be said to be against the overwhelming weight of the evidence.

There is ample authority in law for the right to recover damages in this kind of a case. 39 Am. Jur., Nuisances, Section 59, page 341, is in part as follows: "A reasonable use of one's property can never be construed to include those uses which produce noxious smells and result in a material injury to the comfort of the owner of adjacent property and his family. Thus, a business, although in itself lawful, which impregnates the atmosphere with disagreeable or offensive odors or stenches may become a nuisance to those occupying adjacent property, in case it is so near, and the atmosphere is contaminated to such an extent, as substantially to impair the comfort or enjoyment of such adjacent occupants." Section 136, page 398, of the same volume is in part as fol-

lows: ██ "The owner of a residence or dwelling house occupied by him as a home is entitled to just compensation for annoyance, discomfort, and inconvenience caused by a nuisance on adjoining property." See also 66 C. J. S., Nuisances, pars. (c), (d), Section 23, pp. 777-8; Young v. Weaver, 202 Miss. 291, 32 So. 2d 202; Y. & M. V. Ry. Co. v. Sanders, 87 Miss. 607, 40 So. 163.

 While the amount of the verdict for actual damages was substantial, there is no basis on which this Court can say that it is shocking to the conscience, or that it is so large as to evince passion or prejudice.

 On the question of punitive damages, it is true that the plaintiffs, in their declaration, did not expressly demand such damages. However, this Court has held that a failure to demand does not cut off the plaintiff from the right to recover, if the proof is sufficient to sustain the imposition. This principle was recognized as early as Southern Express Co. v. Brown, 67 Miss. 260, 7 So. 318.

 Several witnesses who were employees of defendant, admitted on cross examination that Mrs. Matthews made complaint to them about the alleged nuisance. However, neither of the Matthews, on their direct examination, testified to any complaint which they, or either of them, made to the authorities of the plant. On cross examination of Mrs. Matthews it was brought out that when she complained to Mr. Burrow, the president, in connection with the illness of her goat, he laughed; and she told him there was nothing funny about it as she was sick, too. But she admitted that Burrow thereupon changed the suction fan. While on the stand, Burrow admitted that Mrs. Matthews did make such complaint about the paint. But he testified that this conversation occurred only a few days before the filing of this suit; and that he immediately changed the fan so as to obviate any possible recurrence, if in fact the complaint was well founded. In view of the proof that the painting

was done in accordance with approved methods, and that on the only occasion when a complaint was made to the responsible head of the business, he endeavored diligently to correct the trouble, the Court deems the proof in this case insufficient to show either a willful and intentional wrong, or such gross and reckless negligence as is, in the eyes of the law, the equivalent of willful wrong. Godfrey v. Meridian Light & Ry. Co., 101 Miss. 565, 58 So. 534; Hadad v. Lockeby, 176 Miss. 660, 169 So. 691. It is our conclusion, from the whole evidence, that the court should not have submitted the issue of punitive damages to the jury and that the award therefor must be set aside and nullified. Thus the suggested error as to the form of the instruction passes out of the case.

■■■ Appellant complains that there was no proof as to the decrease in value of the property on account of the alleged nuisance. When it is borne in mind that no recovery was sought on that particular element of damages, that assignment must fall.

■■■ Inasmuch as the court peremptorily charged the jury that it could make no award for personal injuries, we are unable to see how the possession by the jury, during its deliberation, of the declaration, from which the claim for such injuries had not actually been stricken, could have resulted in prejudice to the defendant.

■■■ In response to appellant's contention that it was error to refuse a view of the premises, it must be remembered that the allowance or refusal of a view by the jury is addressed to the sound discretion of the trial court. Section 1800, Code 1942. We find no abuse of discretion in this instance.

Full consideration has been given to each and every alleged error which has been assigned and argued. Except for the instance hereinbefore pointed out, we find no harmful or prejudicial error. Since the Court is of that opinion, it is deemed unnecessary to make response to each and every assignment.

The judgment of the lower court, insofar as it awarded actual damages in the sum of $3,000.00 will be affirmed; but insofar as it awarded punitive damages in the sum of $5,000.00, it will be reversed, and a judgment will be entered here for the appellant, denying recovery thereon.

Affirmed in part, and in part reversed and rendered.

*McGehee, C. J.,* and *Kyle, Holmes* and *Lotterhos, JJ.,* concur.