SHORT *v.* SMITHY.

5-517                           273 S. W. 2d 393

Opinion delivered December 13, 1954.

*Howard L. Wilkinson,* for appellant.

*Pat Robinson,* for appellee.

ED. F. McFADDIN, Justice. This case is a boundary line dispute with nuisance issues subsequently added.

The parties are adjacent property owners in the City of Lewisville.

Appellee Smithy filed suit to enjoin appellant Short from moving the existing boundary fence to a point that would encroach two feet on Smithy's land. By amendment, Smithy alleged: (a) that Short had erected and put into use three open toilets which were nuisances; and (b) that Short had piled large concrete blocks near another portion of the fence with the result that rats infested the neighborhood and constituted another nuisance. The prayer of the amendment was that the nuisance be abated by requiring Short to remove the open toilets and the concrete blocks.

Short claimed: (a) that where he proposed to erect the new fence was the true line; (b) that the open toilets and concrete blocks were a lawful use by him of his property; and (c) that he was entitled to damages. The Chancellor heard the witnesses *ore tenus,* made a personal inspection of the premises, and rendered a decree in favor of Smithy on all issues. To reverse the decree, Short brings this appeal.

I. *The Boundary Line.* There was preponderating testimony showing that about 13 years ago Smithy and Short had the boundary line surveyed, and Short erected a fence on the surveyed line, which has so remained through all the years as the accepted boundary. This evidence brings the case clearly within our holdings in such cases as *Robinson* v. *Gaylord,* 182 Ark. 849, 33 S. W. 2d 710; *Gregory* v. *Jones,* 212 Ark. 443, 206 S. W. 2d 18; *Harris* v. *Mooney,* 211 Ark. 61, 199 S. W. 2d 319; *Seidenstricker* v. *Holtzendorff,* 214 Ark. 644, 217 S. W. 2d 836; and *Peebles* v. *McDonald,* 208 Ark. 834, 188 S. W. 2d 289. In the last cited case there is a long list of Arkansas cases supporting this statement:

"Where there is a doubt or uncertainty, or a dispute has arisen, as to the true location of a boundary line, the owners of the adjoining lands may, by parol agreement, fix a line that will be binding upon them, al-

though their possession under such agreement may not continue for the full statutory time.''

It is true that Short and his witnesses testified that the fence was not on the true line, but the preponderance of the evidence supports the Chancellor's finding that the agreed line has been recognized by both parties for many years.

II. *The Nuisances.* The Chancellor said in his opinion:

''The court viewed the premises, and it is apparent that these outdoor toilets or privies are located near the boundary line of the defendant's property, with the back or the rear end of said privies facing the kitchen or the house of plaintiff, W. A. Smithy, and located only a few feet therefrom. The court finds that this property is situated on or near a sewer line, and it is the finding of the court that the defendant, T. C. Short, should be required to remove said privies from this property immediately.

''And in regard to the concrete blocks or boulders which the defendant, Short, has piled up adjacent to the fence on the boundary line between the properties of plaintiff and defendant, the court finds that the same as now situated do constitute a nuisance and should be removed. It will also be the order of the court, therefore, that the defendant be required to remove this concrete and other debris which is causing said nuisance.''

The preponderance of the evidence supports the Chancellor's statements. The open toilets are breeding places for flies and noxious odors, and the concrete blocks are a breeding place for rats. Short says that there are other open toilets in the same neighborhood; but such fact does not make Short's toilets any less of a nuisance. The city sewer line, to which he could connect, is only 150 feet from his property. He can connect his toilets with the sewer line [1] and thus eliminate the

---

[1] Sec. 19-4125, *et seq.*, Ark. Stats., empowers cities to require sewer connections, but the City of Lewisville does not appear to have an ordinance on the matter.

nuisance to his neighbors' property and still have full use of his own property.

In *Yates* v. *Mo. Pac.*, 168 Ark. 170, 269 S. W. 353, 38 A. L. R. 1434, we said:

. "The maxim, 'use your own property so as not to injure another,' is peculiarly applicable in nuisance cases. If one does an act, in itself lawful, which yet, being done in that place, necessarily tends to the damage of another's property, it is a nuisance; for it is incumbent on him to find some other place to do that act, where it will be less offensive. Lewis' Blackstone's Com., Vol. 2, p. 218.

"In discussing the question in *Baltimore & Potomac Rd. Co.* v. *Fifth Baptist Church*, 108 U. S. 317, 2 S. Ct. 719, 27 L. Ed. 739, Mr. Justice FIELD, who delivered the opinion of the court, said: 'That is a nuisance which annoys and disturbs one in possession of his property, rendering its ordinary use or occupation physically uncomfortable to him. For such annoyance and discomfort the courts of law will afford redress by giving damages against the wrong-doer, and, when the causes of annoyance and discomfort are continuous, courts of equity will interfere and restrain the nuisance.'"[2]

The decree is in all things affirmed.

---

[2] To the same effect see also *Bickley* v. *Morgan Utilities*, 173 Ark. 1038, 294 S. W. 38; and *Yaffe* v. *Ft. Smith*, 178 Ark. 406, 10 S. W. 2d 886.