STEVENS *v.* FRENCH.

5-1268                                    302 S. W. 2d 286

Opinion delivered May 20, 1957.

[Rehearing denied June 17, 1957]

*McCourtney, Brinton, Gibbons & Segars,* for appellant.

*French & Camp,* for appellee.

J. Seaborn Holt, Associate Justice. This litigation involves a boundary line dispute. Appellant, Stevens, owns a 40-acre tract in Clay County and appellee, French, his neighbor, owns 26 acres immediately east and adjoining the south two-thirds of appellants' 40 acres, for a distance of about 900 feet. December 8, 1955, appellants filed suit against French alleging that appellee had constructed a new wire fence some 25 ft. to 40 ft. west of appellants' east boundary line for a distance of 900 ft. and over on appellants' land. They prayed for injunctive relief, and that appellee be required to remove the fence. Appellee answered with a general denial and affirmatively pleaded: ''that he did build a fence but that said fence was built on his own property, that said fence was built east of an old boundary fence between defendant's property and that of petitioners, which old division fence has been in existence for a period of more than twenty years and that the defendant has cultivated, pastured, and used said lands for a period of more than twenty years and that defendant has had open, notorious, continuous, peaceable, and adverse possession of said lands for a period of more than twenty years, and further that petitioners have no valid claim whatsoever on the lands upon which said fence was built.''

Trial was had and the court found for appellee, French, and dismissed appellants' complaint. This appeal followed. For reversal appellants contend that the preponderance of the evidence is against the chancellor's findings and ''if the line between the properties has not been established, the court should have ordered it established.''

The evidence shows that sometime in 1955 appellee, French, built a new ''barbed wire'' fence on his land between his land and appellants, on the north-south boundary line between these properties for a distance of approximately 900 ft. This new fence was built east of the old boundary division fence. French testified that he has owned his 26 acre tract since 1936, and has paid the taxes since he acquired it—some 21 years; that

the old fence to his knowledge had been up since 1936; that he has owned, used and claimed this land at all times up to the old fence and no question arose as to the boundary line until appellants had a survey made in August 1955 by Knight Laird. Appellee's son, Otis, corroborated his father's testimony, and there was also other testimony on behalf of appellee of a corroborating nature, which we do not detail.

Appellant, Stevens, testified that he acquired his 40 acre tract in July 1949 and at that time there was an old fence separating the two tracts in question; that he knew nothing about his property prior to 1949 and had seen it only some two or three weeks before he bought it.

Laird testified on behalf of appellants that he had a Bachelor of Science degree in engineering from Duke University and has had experience in land surveying. He was not the county surveyor of Clay County; that he surveyed the boundary line in question solely at appellants' request. He further testified that: (appellants' abstract) "The point I used in starting my survey was the northwest corner of section twenty, as shown me or told me by men who helped Jim Ryan on survey work through there; the center of the bridge and the center of the ditch was the section corner; that is what they told me as to where that corner was; as to physical evidence or markers of any kind, the witness trees have all been cut down years since, but that corner has been maintained though by knowledge of those who helped on the survey when the trees were there; the starting point I took was (purely from hearsay) from what people told me." The plat of his survey was not introduced in evidence. Appellant informed appellee that he was having this survey made and appellee made no objection.

. . After reviewing all the evidence we have concluded that appellants have failed to show by a preponderance thereof that the new fence in question was on their land. On the contrary we hold that the preponderance of the testimony shows that this fence was built on appellee's tract, title to which he has established by a preponder-

ance of the evidence by adverse possession (§ 37-101 Ark. Stats. 1947). See *Harris* v. *E. B. Mooney, Inc.*, 211 Ark. 61, 199 S. W. 2d 319. We think Laird's survey has little or no probative value for the reason that he did not connect his survey with established monuments but the starting point was established by pure guess and speculation, as shown by his own testimony above, and is entirely too indefinite.

Finding no error, the decree is affirmed.