GRIFFIN, Justice,
for the Court:
This case, concerning an agreement to build a house, comes to the Court from the Circuit Court of Jones County, Mississippi. The lower court, following a jury verdict in favor of plaintiff Page Contractors, Inc., entered an order to enforce a lien against the property in the instant action in the amount of $76,000 against defendants Dr. Kelly E. Hutchins, et al., together with interest and court costs. The court further ordered that the Clerk of the Circuit Court of Jones County be appointed to conduct a sale of the property. Hutchins, et al. filed a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial or a remittitur. This the lower court denied, and Hutchins, et al. subsequently appealed. We affirm.
On August 29, 1983, Page Contractors and Dr. Kelly E. Hutchins entered into a written contract to build a home for appellants in Laurel, Mississippi. As a part of *945 that contract, appellee agreed to construct the residence according to the plans, specifications and agreements for a total cost not to exceed $268,007.41; however, appellant was to pay cost plus ten percent (10%) for any additions discussed and agreed upon prior to the work being done. Appel-lee prepared a general cost sheet, attached to its complaint, which became a part of the contract.
During the construction of the house a dispute arose as to what changes were made in accordance with the terms of the contract, as well as the amount and cost of the labor involved in the overall project. Having only received approximately $227,-000 of the total bill due (alleged by appellee to have reached over $300,000), Page Contractors halted construction of the house pending receipt of past due amounts from invoices previously submitted to appellants. Appellee recommenced construction following legal advice, and all parties agree the house was near completion at the time the action was filed, except appellants make claim for some few items of incompletion.
At trial, Page Contractors claimed that among the numerous changes to the original contract agreed upon by both sides were the type of entrance doors selected, the quality of the paneling, the flooring, the studs for the walls, the gutter material, an increased size of the driveway and patio area, the type of carpet selected, the type of wallpaper, and various other items. Included in these changes were problems encountered by altering the size of the driveway and the studs originally selected for the walls. The total increase in cost claimed by appellee was $83,264.16. Appel-lee offered evidence to show that no claim was made for some items as a conciliatory gesture.
Dr. Hutchins and his wife admitted to some changes made in accordance with the original agreement, but denied others. As a part of their counterclaim filed against appellee, Dr. Hutchins, et al. alleged, among other things, breach of contract by Page Contractors for changes made and not agreed upon, as well as defective workmanship in the construction of their home. Hutchins, et al. claimed that most of the items listed by Page Contractors which increased the cost of the original contract were not agreed upon prior to their installation in the house and further that they were due credit under the contract for items they had purchased themselves. These changes included credit for lighting and plumbing fixtures, ceramic tile and certain hardware. Other credits claimed pertained to changes altering the type of material chosen, which allegedly decreased the overall cost of constructing the house. Among these were the type of roof selected and the type of brick used. Too, Hutchins, et al. claimed credit for certain unfinished items; among these were the shutters for the house not yet in place at the time the cause came to trial.
At the conclusion of the trial, Page Contractors made a motion outside of the presence of the jury for a view of the premises, which the trial court granted. A view was subsequently taken.
On appeal, Hutchins, et al. allege error in the granting of this motion, as well as in the admission of evidence pertaining to the disputed changes, the granting and denial of certain instructions to the jury, etc. This is a textbook case for the triers of fact and we decline to address the numerous errors assigned.
First, we hold that the disputed changes were properly submitted to the jury. Whether or not such changes were made in accordance with the contract was a factual issue and was for the jury to decide. Aron v. Panola-Quitman Grain Corp., 490 So.2d 891 (Miss.1986); Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652 (Miss.1975).
Next, we find that the instructions given to the jury, taken as a whole, are an adequate guide in construing the contract. Byrd v. F.S. Prestress, Inc., 464 So.2d 63 (Miss.1985).
Finally, we believe that the motion to view the premises was properly granted by the lower court.
*946 A view by the jury is governed and regulated by Miss.Code Ann. § 13-5-91 (1972), which provides in part:
When, in the opinion of the court, on the trial of any cause, civil or criminal, it is proper, in order to reach the ends of justice, for the court and jury to have a view or inspection of the property which is the subject of litigation, ... the court may, at its discretion, enter an order providing for such view or inspection as is herein below directed. After such order is entered, the whole organized court, consisting of the judge, jury, clerk, sheriff, and the necessary number of deputy sheriffs, shall proceed, in a body, to such place or places, property, object or thing to be so viewed or inspected, which shall be pointed out and explained to the court and jury by the witnesses in the case, who may, at the discretion of the court, be questioned by the court and by the representative of each side at the time and place of such view or inspection, in reference to any material fact brought out by such view or inspection....
The question of viewing property is a matter within the sound discretion of the trial judge. Seismic Petroleum Services, Inc. v. Ryan, 450 So.2d 437 (Miss.1984). See also, Illinois Central R. Co. v. McDaniel, 246 Miss. 600, 151 So.2d 805 (1963); Laurel Equipment Co. v. Matthews, 218 Miss. 718, 67 So.2d 258 (1953).
The record before us indicates that Page Contractors presented the motion for the purpose of rebutting the copious amounts of testimony as to the defective condition of the house. The lower court apparently granted the motion based upon appellee’s argument:
BY COUNSEL FOR DEFENDANT:
—I don’t see how they could view it without testimony there. You know, someone saying — he wants them to go look at these defects, and who is going to point them out and say here they are? Who is going to show them how to get up to the garage? They can’t get there.
Who is going to explain about the fence; who is going to explain about completing the retaining wall? Who is going to explain these things and point them out? Who is going to point out defects that have been repaired and defects that have not been repaired, and who did them?
THE COURT:
Well, I think the testimony, and I guess everybody on the jury listened to it, to tell which ones the testimony shows hasn’t been completed and still constitute defects, and still differences of opinion as to what it would cost to complete those kinds of things.
I think this is a case that probably deserves a view....
Further, in his instructions to the jury concerning the view to be taken the trial judge ordered that any questions had by the jurors be directed to the court, which would then determine whether any of the parties could answer. At the viewing, Dr. Hutchins presented each room to the jury, and the trial judge then requested that any questions be asked at that time. No questions were forthcoming.
We believe the literal requirements of the statute were clearly followed. Jones v. State, 141 Miss. 894, 107 So. 8 (1926).
There being no merit to this error or any others assigned, we affirm the judgment of the lower court.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN arid ANDERSON, JJ., concur.