### REDMOND v. BUCKEYE COTTON OIL CO.

(Circuit Court of Appeals, Fifth Circuit. December 20, 1921.)

No. 3779.

Nuisance ⬡⟿33—Decree enjoining operation of delinting plant, but permitting operation with improvements, justified.

    A decree enjoining operation of a cotton delinting plant as a nuisance as it was operated, but permitting its operation, provided improvements were made, such as would prevent the escape of dust, lint, or other débris upon the premises of complainant, *held* sustained by the evidence.

Appeal from the District Court of the United States, for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Suit in equity by S. D. Redmond against the Buckeye Cotton Oil Company. From the decree, complainant appeals. Affirmed.

Virgil Howie, of Jackson, Miss., for appellant.
William H. Watkins, of Jackson, Miss., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. On July 19, 1920, S. D. Redmond (hereinafter styled plaintiff) filed a bill in equity in the chancery court of the First district of Hinds county, Miss., against the Buckeye Cotton Oil Company, a citizen of Ohio, to restrain the operation of a delinting plant owned and operated by the defendant and located on property adjoining that owned by plaintiff in the city of Jackson, Miss., alleging that the said delinting plant constituted a continuing nuisance by reason of a large amount of dirt, dust, lint, and water thrown out therefrom over complainant's property, thereby causing his tenants to vacate; that said nuisance impaired the health and endangered the life of complainant's tenants, greatly damaged the property, and inflicted great and irreparable damage and loss. Said bill further sought to restrain the continuance of an alleged blocking of Hoskins street, which it was alleged ran through the defendant's property, and which defendant had completely obstructed by building fences and different houses across the same. It also sought to recover $1,000 damages.

---

⬡⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On petition of defendant said cause was removed into the United States District Court for the Southern District of Mississippi, at Jackson, Miss., and defendant filed an answer, denying all of the material allegations of complainant's petition, and alleging, further, that plaintiff had a complete remedy at law. On May 20, 1920, plaintiff had filed in said United States District Court, on the law side thereof, an action against said defendant Cotton Oil Company to recover damages for the erection of said delinting plant and for other alleged illegal acts, which complaint was subsequently amended.

On the 9th day of May, 1921, by consent of the parties, it was ordered in said equity cause that said two suits should be united and treated as one cause—

"and that a final decree will be rendered in this case which will include and dispose of all the claims and demands on behalf of plaintiff contained in said action at law."

The consolidated case was thereupon tried on the equity side of the court upon all issues therein, and resulted in a decree by which the defendant was perpetually enjoined from operating its delinting plant—

"so as to allow any dirt, dust, lint, cotton seed hulls, water, or other débris or matter to escape from its mill or delinting plant on to the property of plaintiff's, or to fly on to, or to fall on or upon, or to be blown on or upon, or to be carried in any way by any agency of defendant from its said mill or delinting plant on to or upon, the property of plaintiff, to the injury of plaintiff or of his tenants; that is to say, that the defendant is perpetually enjoined from operating its said delinting plant unless and until it shall make material improvements in the operation thereof, so as to appreciably reduce the nuisance shown to exist under prior conditions."

The court also awarded $750 for the damages claimed in the law and equity causes, and refused the other or further relief sought in the bill in equity, to wit, that respecting the removal of buildings from Hoskins street and the opening thereof.

Plaintiff appeals to this court, and assigns error in said decree in not restraining defendant from further operating its mill and delinting plant at all; (2) in awarding only $750 damages; (3) in not ordering and decreeing the removal of defendant's buildings from Hoskins street; (4) in not ordering defendant to remove all débris and material from the paths of natural drainage on its property, and in not opening up the paths of natural drainage according to the copy of a plat of survey known as the Jackson compromise; (5) also the court erred in not restraining defendant from throwing out decayed vegetable and animal matter on its premises which might render residence in the neighborhood of said property uncomfortable, unpleasant, or undesirable; (6) in failing to render separate and distinct judgments in the law and equity causes.

The testimony was voluminous, and there was a conflict of testimony on all material points in the case. In addition to the testimony, the District Judge trying the case inspected the premises and was entirely familiar with their physical location and condition.

We think that the decree granted by the chancellor in the case was fully warranted by the evidence. He fully enjoins the opera-

tion of the delinting plant until material improvements are made in its operation, so as to appreciably reduce the nuisance existing, and, unless they are made, the injunction is to be perpetual. Clearly, if an operation of this plant should be attempted without such improvements as would relieve the nuisance which the court has found to exist, the plaintiff could, by proper proceedings to enforce the decree, bring the matter to the attention of the court and have proper relief. It cannot be said that under the evidence in the case the chancellor was constrained to hold that an irremediable nuisance existed, and to absolutely and perpetually enjoin the operation of the plant under all circumstances. The decree enjoins immediately the operation as it exists, and the plant cannot be operated unless the nuisance is so reduced as to render the further operation legitimate.

As to the failure to enjoin the placing of deleterious matter upon the premises of the defendant, or the closing of natural drainage, there was sufficient evidence to warrant the chancellor in holding that no such condition then existed in regard to either of such matters, nor was there shown any such likelihood of their future existence, which would require the rendering of the decree prayed.

So far as an injunction was sought to require the opening of Hoskins street, where it ran through the property owned by the defendant, it is sufficient to say that these obstructions have existed for a long time without any complaint on the part of plaintiff in regard thereto, and that, even if the proof sufficiently showed that a street had existed through defendant's property, its use had been abandoned for so long that it would certainly have been inequitable to require the removal of buildings of considerable value, some of which had been there for many years. Again, it appears that the city council of Jackson had vacated said street south of the north wall of the hull house of the Cotton Oil Company, so that no public street existed at the time of the decree, and the defendant was the owner of all of the property on both sides of the portion of the street vacated. We therefore think that the chancellor did not err in refusing the injunction prayed for in this behalf.

The consent order consolidating the two cases expressly provided that the final decree should be entered in the equity cause, which would include and dispose of the claims and demands made in the action at law. It was therefore not error in the court to refuse the entry of two judgments.

As to the amount of damages rendered, the evidence was conflicting in regard thereto. There was considerable conflict as to the true rental value of plaintiff's premises, and as to what amount had been lost in the way of rents because of the matters set up in the plaintiff's pleadings. The plaintiff had instituted several actions against the defendant prior to this time, and had been awarded different sums as damages therein. This court is of the opinion that the evidence in the case is not such as to justify it in disturbing the amount of damages found by the judge of the court below, who tried the case, heard many of the witnesses, and viewed the premises.

The decree of the court below is affirmed.