Certiorari proceeding by Joseph Cohen and others, individually and trading and doing business under the firm name of Dade Fat 
Grease Company, against the State, on the relation of J.I. McGowan.
Writ granted.
On petition for certiorari under Rule 34 we review an order holding that Section 386.12, Fla. Stat. 1941, F.S.A., constitutes and defines certain things nuisances per se.
The statute reads:
"The boiling of offal, swill, bones, fat, tallow or lard, the crushing, grinding or burning of bones or shells, cleaning guts, making glue from any dead animal or part thereof, making or boiling varnish or oil, making lamp black, turpentine or tar, distilling ardent, alcoholic or fermented spirits, storing or keeping fat scraps, grease or other offensive animal matter, rendering or drying out dead, undressed and unslaughtered animals, or any other business or trade whereby noisome stenches and odors and noxious gases arise or are generated, within any incorporated or unincorporated city or town of the State of Florida of over two hundred inhabitants, are declared nuisances injurious to health; and any person who shall cause, erect, create, maintain or continue any such nuisance, and who shall fail, after due notice from the state health officer, to abate the same, shall be fined one hundred dollars."
When the legislature finds and declares certain things to be nuisances the court will assume those findings and declarations to be true. However, when the act is directed to those things not in themselves nuisances the courts are never foreclosed from making inquiry into the legislative findings. To impute absolute finality to a legislative ban would run counter to due process.
This statute was enacted in 1895. The advance of science in the meantime has enabled businesses of this nature to operate with safety and without obnoxious results.
If the owner of this plant is willing to install modern equipment and assume the burden of convincing the court that he can operate in a fashion as not to be a nuisance, then he should not be denied the right. See People v. Angle, 109 N.Y. 564, 17 N.E. 413; People v. West, 106 N.Y. 293, 12 N.E. 610, 60 Am.Rep. 452; People v. Rosenberg, 138 N.Y. 410, 34 N.E. 285.
The writ is granted and the order is quashed with directions to consider the report and recommendations of the special master and proceed further.
So ordered.
THOMAS, C.J., and TERRELL, CHAPMAN, and HOBSON, JJ., concur.
BARNS, J., dissenting. *Page 702