COOPER TIRE AND RUBBER COMPANY *v.* JOHNSTON

No. 40934 December 1, 1958 106 So. 2d 889

*Roberson, Luckett & Roberson,* Clarksdale; *Marshall, Melhorn, Bloch & Belt,* Toledo, Ohio, for appellants.

*Stovall Lowrey,* Clarksdale; *Jack N. Tucker,* Tunica, for appellee.

ETHRIDGE, J.

This suit originated in the Circuit Court of Coahoma County as an action by appellee, Mrs. Mable A. Johnston, to recover damages against appellants for the operation of their plant as a nuisance. The charge was pollution of the air by the plant's discharging excessive and unreasonable amounts of carbon black or lampblack into the air, thereby damaging appellee's rug cleaning business and causing her personal annoyance, discom-

fort, and inconvenience. The only issue is the amount of damages, but an outline of the facts is necessary to develop our conclusions.

This case was one of thirteen originally brought in the same court against defendants. They were consolidated for trial without a jury, and resulted in judgments against them. Those in the other twelve cases have been settled. Here the circuit court held that, during the period in question, July 13, 1956 to the date of trial, July 22, 1957, defendants had created an actionable nuisance. It rendered a judgment in favor of plaintiff—appellee for $3,600 for depreciation in rental or usable value of plaintiff's property and for its painting and repair, plus $500 for inconvenience and discomfort, the aggregate being $4,100. The circuit judge noted that, since defendants had made certain improvements in their industrial process, there had been a "marked improvement in the arresting of the emission of carbon black, and . . . it is not adjudicating that the defendants are conducting a nuisance as of this date."

Appellants' plant is located in an industrial subdivision in Clarksdale, Mississippi. It manufactures inner tubes for tires and camelback, which is used in recapping. Carbon black is a necessary ingredient in the compounding of the rubber which goes into the manufacture of these products. Carbon is an element forming a constituent of coal, petroleum and other organic compounds. It is also obtained artificially, and, when designated as carbon black or lampblack, is a fine, bulky, black soot, somewhat in appearance like dense smoke, but with a carefully controlled particle size and shape. Most of that manufactured in the United States goes into the manufacture of rubber articles. It is essential for making appellants' products. The process is to place rubber in a Banbury Mixer, and to combine with it softening oils and carbon black.

Appellants began operating their plant in August, 1955, at which time it had no dust-collecting equipment,

and, as a result, carbon black escaped into the air. After complaints by neighbors, appellants installed dust-collecting equipment and a new top part for the mixer. In an earlier and separate action, appellee and others obtained a chancery decree enjoining the unreasonable discharge of this substance by appellants, but in that action did not ask for damages. Hence the circuit court in the instant case confined appellee's damages to a time subsequent to that date, July 13, 1956, and up to the date of trial, July 22, 1957. No complaint is made of that restriction.

 ██ The location of appellee's business, Johnston Rug Cleaners, is across the street and to the north of appellants' rubber plant, not over 125 feet away. The evidence amply warranted the trial court's finding that appellants' plant created a nuisance, during at least part of the period in question, by polluting the air with excessive quantities of carbon black. It settled upon Appellee's buildings in which she conducted her cleaning business, and upon the rugs and other products in the buildings. It was a greasy, slick substance, making a sort of black stain on whatever surface it touched, and caused considerable personal discomfort and inconvenience to appellee, and substantially damaged the usable or rental value of her property. Appellants necessarily concede that the trial court was warranted on conflicting facts in finding that their plant constituted a nuisance for which they were liable in damages.

 ██ This is not a permanent but a temporary, abatable nuisance. The measure of damages is the depreciation in the rental value or in the value of the use of the property during the period covered by the suit, in this case from July 13, 1956 to July 22, 1957, and such special or incidental damages as plaintiff may have been able to prove, such as annoyance, inconvenience, and discomfort, which are recoverable in addition to the principal element of damages. The Southland Company v. Aaron,

221 Miss. 59, 75-76, 72 So. 2d 161, 49 A. L. R. 2d 243 (1954); on second appeal in 224 Miss. 780, 786, 80 So. 2d 823 (1955); City of Oxford v. Spears, 87 So. 2d 914, (Miss. 1956). These leading cases deal with water pollution, but the same measure of damages applies to industrial atmospheric pollution. Shaw v. Owen, 90 So. 2d 179, (Miss. 1956); Great Atlantic & Pacific Tea Co. v. Mulholland, 226 Miss. 499, 84 So. 2d 504 (1956); Laurel Equipment Co. v. Matthews, 218 Miss. 718, 67 So. 2d 258 (1953); Anno., 49 A. L. R. 2d 253 (1956); Anno., 24 A. L. R. 2d 194, 226 (1952); 39 Am. Jur., Nuisance, Sec. 53-59; 66 C. J. S., Nuisance, Sec. 55, pp. 805-811.

The sole issue on this appeal is the amount of damages. Appellants contend that there was no competent testimony by qualified witnesses as to the depreciation in the rental or usable value of the appellee's property, and personal discomfort and inconvenience to her; and that therefore appellee is entitled only to nominal damages.

██ ██ The award of $500 for personal annoyance, inconvenience, and discomfort is supported by the record. Appellee worked regularly at her place of business. The greasy deposits of carbon black all over the floors, furniture, and counters required her to clean these surfaces, to duplicate cleaning of the rugs and slip covers, and on occasion to close her business early in the day, to change her method of drying rugs, and, in general, to cause her a considerable amount of personal annoyance, inconvenience and discomfort. The damages awarded for this item were relatively modest. The uncertainty which prevents recovery is uncertainty as to the fact of the damage, and not as to its amount. The fact of substantial discomfort and inconvenience was clearly established. In this respect plaintiff produced the best evidence available. It was sufficient to afford the trial court a reasonable basis for estimating her damages. 15 Am. Jur., Damages, Sec. 23.

The remaining $3,600 in damages consisted of depreciation in the rental value or value of the use of the

property, and the cost to appellee of the painting of her buildings. Edgar F. Bornman, Jr., was in the lumber and building supply business. He assisted his father in managing rental properties in the city. Repainting the inside and outside of the building, not including the floors, would cost, he estimated, $1,234.67. The trial court was warranted in concluding that repainting was necessitated by damages caused to the buildings by carbon black from appellant's plant during the period in question, and this amount was reasonable.

■■ The testimony of Bornman, appellee, her son, Mrs. A. J. Blackmon, a business woman of Clarksdale and former owner of a laundry and cleaning plant, and E. M. Yerger, an attorney and licensed real estate broker of many years experience in the city, justified the finding that the actionable nuisance created by appellants' plant substantially decreased the rental value or value of the use of appellee's property during the period in question. Such depreciation and the cost of repainting the building were well within the $3,600 item allowed by the trial court. ■■ We think these witnesses were qualified from experience and observation to express their opinions as to depreciation in rental or usable value. The court was correct in sustaining an objection to the testimony of appellee's son as to depreciation, but his testimony as to the value of the property and the use made of it was relevant on this issue.

■■ The proper way to prove depreciation in rental or usable value is by the testimony of a qualified person. Great Atlantic & Pacific Tea Company v. Mulholland, supra. ■■ The trial court has a reasonable area of discretion in determining the qualifications of an offered witness. It did not abuse that discretion here.

Affirmed.

*McGehee, C. J.,* and *Hall, Holmes,* and *Gillespie, JJ.,* concur.