ALFRED JACOBSHAGEN COMPANY TRADING AS JACKSON
REDUCTION COMPANY *v.* DOCKERY, et al.

No. 42197 March 26, 1962 139 So. 2d 632

*Watkins, Pyle, Edwards & Ludlam, Robert G. Gillespie, Jr.,* Jackson, for appellant.

*Robert W. King,* Jackson, for appellees.

ARRINGTON, J.

This is a suit to enjoin as a nuisance the operation of an animal rendering plant, and for damages allegedly resulting therefrom. Donald M. Dockery III, and three other complainants filed their bill in the Chancery Court, First Judicial District of Hinds County, against the defendant, Alfred Jacobshagen Company, a corporation, trading as Jackson Reduction Company (called Reduction Company), the appellant.

Complainants are residents in the Byram area. Defendant has been operating near Byram in Hinds County a rendering plant since 1954. In it defendant cooks and renders animal carcasses, hides, feathers, and entrails. The plant is a large operation and involves a considerable investment. The bill charged that the operation of defendant's plant emitted into the air obnoxious, nauseous, sickening and offensive odors and fumes, which have permeated the air in the area and have caused a terrible stench. It was charged that this deprived complainants of the free use and enjoyment of their properties, had been a continuing nuisance for several years, the odors could be smelled for many miles, complainants were unable to use and enjoy their homes and yards because of the odors, and were unable to eat

or sleep comfortably because of these nauseating smells. It was alleged complainants made numerous complaints to defendant, which promised to stop the odors, but they had continued and become worse. Hence, because they had been deprived of the use and enjoyment of their properties and had suffered considerable permanent inconvenience and personal discomfort, complainants sought damages and a decree abating operation of the plant as a nuisance.

On the other hand, defendant denied that its plant emitted into the air obnoxious odors, they could be smelled for many miles, complainants suffered any discomfort and inconvenience, or had been otherwise injured by any such fumes, and asserted that the plant should not be enjoined from operating. The plant is situated about twelve miles south of the City of Jackson, and two miles southeast of the community of Byram. Defendant stated the business was a lawful business, it was carefully operated, and had facilities and an investment of approximately $600,000; that the plant served a valuable, public necessity, and was not permeating the air with such odors.

After a lengthy hearing the Chancery Court found as follows: When appellant took over the plant in 1954, it was processing 150,000 pounds of offal, with only two cookers. At the present time, defendant processes 75,000,000 pounds of offal annually, and operates 11 cookers; 70,000,000 pounds of such material comes from poultry processing plants and markets. About 8,000,000 pounds come from pick-up of dead animals. The latter is in an advanced state of decay when taken in the trucks of defendant and transferred in the open air to conveyor troughs and to the cookers. The court found that foul, obnoxious, offensive and sickening odors emanated from the plant of defendant, and such odors are "almost impossible of description." There has been some improvement in the operation of the plant, but

it was not being operated in accord with the latest and best principles of operation and of odor control. There were power failures and water failures with no emergency method of taking care of them. Defendant did not have any alarm system on its vacuum lines, to notify employees of mechanical failures. The court found that the business of defendant is lawful "but repulsive". The nature of such an operation depends upon the facts and circumstances of each particular case. It was of the opinion that more could be done by the Reduction Company to minimize these odors, such as installing an alarm system for mechanical failures and employing an expert on odor control to analyze and improve its operations; that the operation of defendant's plant constituted a nuisance, and complainants were entitled to damages.

Hence the final decree of February 22, 1961, adjudicated that the method of operation of the Reduction Company constituted a nuisance, and steps should be taken by defendant to discontinue the nuisance; that defendant should employ a specialist on odor controls "and take such other steps as may be necessary to eliminate the extensive amount of odor coming from its plant." Defendant was given until September 1, 1961 (about six months) within which to make such necessary remedies and improvements as would eliminate the extensive odors. The court declined to issue an injunction at that time, pending such improvements. The decree further awarded damages of $500 each to Dockery and Guyton, and $500 to Mr. and Mrs. Blaine. Defendant appealed with supersedeas from this decree.

■■ ■ The conflicts in the evidence were resolved by the chancellor in favor of appellees. From a careful examination of the record, we conclude the chancellor was amply warranted in finding that defendant's plant as it was operated constituted a nuisance. ■■■ A business, although in itself lawful, which impregnates the

atmosphere with disagreeable and offensive odors and stenches, may become a nuisance to those occupying property in the vicinity, where such obnoxious smells result in a material injury to such owners. Laurel Equipment Co. v. Matthews, 218 Miss. 718, 67 So. 2d 258 (1953) (discharge of odors and paint spray onto adjoining premises); Cooper Tire & Rubber Co. v. Johnson, 234 Miss. 432, 106 So. 2d 889 (1958) (air polluted with carbon black).

A reasonable use of one's property cannot be construed to include those uses which produce obnoxious smells, which in turn result in a material injury to owners of property in the vicinity, causing them to suffer substantial annoyance, inconvenience, and discomfort. Thus a business, although in itself lawful, which impregnates the atmosphere with disagreeable odors or stenches, may become such a nuisance. Each case must be decided upon its own peculiar facts, taking into consideration the location and the surrounding circumstances. ██ ██ It is not necessary that other property owners should be driven from their dwellings. It is enough that the enjoyment of life and property is rendered materially uncomfortable and annoying. 39 Am. Jur., Nuisances, Sec. 59. The annotation in 17 A.L.R. 2d 1269 (1951), entitled "Animal Rendering or Bone-Boiling Plant or Business as Nuisance," discusses many of the cases dealing with similar types of operations. The views expressed herein are in accord with the majority of decisions discussed in that annotation.

██ ██ Moreover, the chancery court had the power to enjoin such future operations of the rendering plant as constituted in fact a nuisance. By the same token, the court had the lesser power to permit continued operation of the plant, subject to certain stated conditions and requirements. Green v. Lake, 54 Miss. 540, 546-547, 28 Am. Rep. 378 (1877); Redmond v. Buckeye Cotton Oil Co., 277 Fed. 780 (CCA 5th, 1921); Buckeye

Cotton Oil Co. v. Ragland, 11 F. 2d 231 (CCA 5th 1926); see Cohen v. State, 37 So. 2d 700 (Fla. 1948). Equity may adjust the remedy to the need. Where it is possible that a defendant may be able to prevent further material damages to plaintiffs without ceasing operations, "he will be given a reasonable time and opportunity to obviate the nuisance, and the issuance of an injunction may be delayed or its operation postponed or suspended for a reasonable time for that purpose." 39 Am. Jur., Nuisances, Sec. 172, pps. 445-446. That was what the court did here. We think the directions in the decree are sufficiently definite to give defendant a guide as to what it must do to abate the nuisance. The prayer for general relief in the bill of complaint supported this part of the decree.

 The evidence justified the award of damages to complainants, as special damages involving substantial discomfort, inconvenience, and annoyance resulting from the excessive, obnoxious odors and stenches which the trial court found emanated from defendant's plant. Cooper Tire & Rubber Co. v. Johnson, *supra;* Laurel Equipment Co. v. Matthews, *supra.* The trial court undertook to balance the equities between the parties by finding the existence of a nuisance as the plant was being operated, but at the same time by giving appellant the opportunity to minimize the odors from it by utilizing an engineering survey and more efficient and careful methods of operation, for the protection of complainants.

For these reasons, the decree of the chancery court is affirmed, and the cause is remanded for the trial court to determine an additional reasonable time within which appellant may make such necessary remedies and improvements in its operations, as will eliminate the extensive odors.

Affirmed and remanded.

*McGehee, C. J.,* and *Kyle, Ethridge* and *McElroy, JJ.,* concur.