ISHEE, J.,
 

 for the Court:
 

 ¶ 1. Josie Rogers, acting individually and as conservator for Chester Rogers, appeals a judgment of the Circuit Court of Adams County, which granted summary judgment in favor of Ernest Ford Jr. Rogers now appeals claiming the circuit court erred in granting summary judgment. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. The undisputed facts and circumstances surrounding this case involve a large pecan tree located on Ford’s property which uprooted and fell on Rogers’s garage. Prior to the uprooting of the tree, E.D. Jennings was hired by Ford to cut and trim some limbs from this tree. Jennings was then approached by Rogers to inquire if he would cut the tree limbs on her side of the tree, which was never done. In September 2008, as a result of strong winds and heavy rains, the tree was uprooted. The tree was of natural growth, and at the time the tree was uprooted, it was still green and alive.
 

 DISCUSSION
 

 ¶ 3. “This Court employs a de novo standard of review of a trial court’s grant of summary judgment.”
 
 Owens v. Thomae,
 
 904 So.2d 207, 208 (¶ 7) (Miss.Ct.App.2005). Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. M.R.C.P. 56(c). “The burden of demonstrating that there is no genuine issue of material fact falls on the party requesting the summary judgment.”
 
 Mozingo v. Scharf,
 
 828 So.2d 1246, 1249 (¶ 5) (Miss.2002). “If any genuine triable issues of fact exist, the trial court’s grant of summary judgment will be reversed; otherwise, the decision will be affirmed.”
 
 Id.
 
 at 1249-50 (¶ 5).
 

 ¶ 4. The principal issue before this Court is whether the trial court erred in granting summary judgment. The trial court granted summary judgment on the ground that Rogers had failed to provide any evidence of a genuine issue of material fact.
 

 ¶ 5. Rogers asserts that because Ford had pruned or cut limbs off the tree on his side and not hers, that this was negligent pruning and is what caused the tree to fall. Further, Rogers believes that because Ford knew of the limbs that were overhanging Rogers’s property and failed to have them trimmed as well, he is liable for Rogers’s damages. We disagree.
 

 
 *683
 
 ¶ 6. The trial court correctly noted that
 
 Griefield v. Gibralter Fire and Marine Insurance. Co.,
 
 199 Miss. 175, 24 So.2d 356 (1946), was the applicable law. But for Jennings’s trimming of the limbs, we would have an identical situation to
 
 Grie-field.
 
 In
 
 Griefield,
 
 the Mississippi Supreme Court stated:
 

 The test of the appellant’s liability vel non is whether the tree from which this limb overhung the land of the appellee’s assignors was of natural growth or had been planted by the appellant or a former possessor of her land. If the latter is the case, liability appears, 4 Rest., Torts, § 839;
 
 Buckingham v. Elliott,
 
 62 Miss. 296, 52 Am. Rep. 188; but if the former is the case the appellant is not liable, 4 Rest., Torts, § 840, Comment (a).
 

 Id.
 
 at 180, 24 So.2d at 357.
 

 ¶ 7. The supreme court went on to state further:
 

 The appellant was under no obligation to the appellee’s assignors to remove the limb of the tree which overhung their land, and her gratuitous promise so to do was not binding on her, but the ap-pellee’s assignors had the right at all times to bemselves [sic] remove so much of the limb as overhung their land. 1 Am.Jur.,
 
 Adjoining Landowners,
 
 § 56.
 

 Id.
 
 at 181, 24 So.2d at 358.
 

 ¶ 8. Here, the pecan tree in question was of natural growth; it was healthy and alive; and Rogers had an opportunity to cut the limbs that overhung her property. Rogers asserts that because Ford had pruned or cut limbs off of the tree on his side and not her own side, this was negligent pruning and ultimately caused the tree to fall. But there is no evidence of negligence on behalf of Ford or anything presented to find that the cutting - of the limbs was done improperly. Further, there is no expert testimony to find that Ford was negligent in having the limbs cut.
 

 ¶ 9. Ford was under no obligation to cut the limbs from Rogers’s side of the tree. His gratuitous promise to do so was not binding. The tree was alive and green and posed zero threat to Rogers’s property. Aso, had Rogers felt the overhanging tree limbs actually did pose a threat to her or her property, she could have, at any time, had the tree limbs cut down.
 

 ¶ 10. Because we find that Rogers has failed to provide any evidence that would create a genuine issue of material fact, this issue is without merit.
 

 ¶11. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., IRVING AND, GRIFFIS, P.JJ., MYERS, BARNES, CARLTON AND MAXWELL, JJ., CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT.